UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRON PATTERSON, et al.,

                Plaintiffs,

      -against-

CPS,

                Defendants.

25-CV-6461 (LTS)

ORDER DIRECTING AMENDED IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiffs bring this action *pro se*. To proceed with a civil action in this Court, plaintiffs must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, each submit a signed *in forma pauperis* (IFP) application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff Tyron Patterson submitted an IFP application, but he has not answered all of the questions, and the Court therefore cannot ascertain whether he is able to pay the filing fees. The other plaintiff did not submit an IFP application. Accordingly, within 30 days of the date of this order, Plaintiffs must either pay the $405.00 in fees or each submit an amended IFP application that is fully completed and labeled with docket number 25-CV-6461 (LTS).

    Moreover, two plaintiffs are listed in the caption but only one signed the complaint. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). It is unclear if one

plaintiff is a minor child; a parent must have an attorney to bring an action on behalf of a child.[1] *See Tindall v. Poultney High Sch. Dist.,* 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). If the second plaintiff is an adult who can proceed *pro se* on his own behalf, he must resubmit the signature page of the complaint to the Court, within 30 days of the date of this order, with his signature added in the signature box. A copy of the signature page is attached to this order.

No summons shall issue at this time. If Plaintiff Tyrone Patterson does not submit an amended IFP application within the time allowed, the action will be dismissed without prejudice to refiling. If the second plaintiff does not submit the signature page of the complaint, that individual will be dismissed without prejudice from the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 11, 2025
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] Documents filed with the court generally are publicly available on the internet. Under Rule 5.2 of the Federal Rules of Civil Procedure, only the initials of a minor should be included in documents filed with the court.